**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RODNEY L. GARROTT,

        Plaintiff - Appellant,

  v.

MICHAEL G LeFRANCIS, Corrections
Officer, King County Dept. of Adult
Detention; KING COUNTY,

        Defendants - Appellees.

No. 10-35358

D.C. No. 2:07-cv-00131-RSM

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Submitted December 19, 2012[**]

Before:    GOODWIN, WALLACE, and FISHER, Circuit Judges.

    Washington state prisoner Rodney L. Garrott appeals pro se from the district

court's judgment in his 42 U.S.C. § 1983 action alleging excessive force against

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

him while he was a pretrial detainee. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to exhaust and for clear error any underlying factual findings. *Sapp v. Kimbrell*, 623 F.3d 813, 821 (9th Cir. 2010). We affirm.

The district court properly dismissed Garrott's action without prejudice because Garrott failed to exhaust his administrative remedies. *See Woodford v. Ngo*, 548 U.S. 81, 93-95 (2006) (requiring proper and timely exhaustion of prisoner claims). The district court did not clearly err in finding that Garrott failed to pursue all levels of administrative grievances available to him. *Cf. Sapp*, 623 F.3d at 822-23 (exhaustion is not required where administrative remedies are rendered "effectively unavailable").

The district court did not abuse its discretion in denying Garrott's motion for reconsideration because Garrott failed to establish grounds for such relief. *See Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (reviewing for an abuse of discretion and setting forth requirements for reconsideration).

We do not intend this disposition to be used to foreclose any argument Garrott may raise, or to limit any potential relief to which Garrott may be entitled, in Garrott's related action, *Garrott v. Stewart*, No. 11-35849, which alleges that

10-35358

defendants violated Garrott's constitutional rights by actively interfering with his ability to litigate this action.

**AFFIRMED.**