**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RODNEY L. GARROTT,

         Plaintiff - Appellant,

  v.

JEAN STEWART; et al.,

         Defendants - Appellees.

No. 11-35849

D.C. No. 2:11-cv-00133-EFS

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Edward F. Shea, District Judge, Presiding

Submitted December 19, 2012[**]

Before:     GOODWIN, WALLACE, and FISHER, Circuit Judges.

    Washington state prisoner Rodney L. Garrott appeals pro se from the district

court's judgment in his 42 U.S.C. § 1983 action alleging denial of his right to

access the courts. We have jurisdiction under 28 U.S.C. § 1291. We review de

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

novo the district court's dismissal for failure to state a claim under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii). *Silva v. Di Vittorio*, 658 F.3d 1090, 1101 (9th Cir. 2011); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order). We vacate and remand.

In light of this court's recent decision in *Silva*, the district court may have prematurely dismissed Garrott's action because the allegations liberally construed may have been "sufficient to meet the low threshold for proceeding past the screening stage." *Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012); *see Silva*, 658 F.3d at 1102-04 (explaining that prisoners have the right to litigate, without active interference, claims that have a reasonable basis in law or fact, and concluding that allegations that defendants' transfer of inmate hindered inmate's ability to litigate his pending civil action and resulted in actual injury were sufficient to state a claim); *see also Allen v. Sakai*, 48 F.3d 1082, 1091 (9th Cir. 1995) (concluding that inmate alleged actual injury even though the state court eventually considered inmate's petition).

**VACATED and REMANDED.**